```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

------------------------------x
                              :
NATIONAL ENVIRONMENTAL        :   Civ. No. 3:21CV01046(SALM)
GROUP, LLC                    :
                              :
v.                            :
                              :
H.H. SHEIKH BUTTI AL MAKTOUM  :   November 3, 2021
                              :
------------------------------x

**ORDER RE: MOTION TO SERVE PROCESS BY OTHER MEANS [Doc. #10]**

Plaintiff National Environmental Group, LLC ("plaintiff" or "NEG") has filed a motion seeking leave of the Court to serve defendant H.H. Sheikh Butti Al Maktoum ("defendant") by alternative means, pursuant to Federal Rule of Civil Procedure 4(f)(3). For the reasons articulated below, the Court **GRANTS** Plaintiff's Motion for Leave to Serve Process by Other Means [**Doc. #10**].

I. **Background**

The Court presumes familiarity with the factual background of this matter, but briefly addresses the procedural history leading to the present motion.

This matter arises out of a dispute over a contract allegedly entered into on October 6, 2020, for the purchase of ten mobile power plant units, at a total cost of 285 million U.S. dollars. See Doc. #1 at 3. Plaintiff contends that defendant, a member of the royal family of the United Arab

Emirates ("UAE"), failed to fulfill his obligations under the contract, causing damages to plaintiff. See Doc. #1 at 1, 6. Beginning in June 2021, NEG, through counsel, attempted to convey a demand letter to defendant by international courier service, by United States Postal Service, and by email. See Doc. #10-1 at 5-8. These efforts were unsuccessful. See id.

Plaintiff commenced this action on July 29, 2021. See Doc. #1. Plaintiff's counsel delivered electronic copies of the summons and complaint to a person plaintiff refers to as an agent of defendant; plaintiff believes these documents were received. See id. at 9-10. Plaintiff has, however, been unable to serve process by mail or international delivery service to date.

## II. Applicable Law

Rule 4(f) of the Federal Rules of Civil Procedure sets forth the following procedures for serving an individual in a foreign country:

> Unless federal law provides otherwise, an individual ... may be served at a place not within any judicial district of the United States:
>
> **(1)** by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
> **(2)** if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:

> **(A)** as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
> **(B)** as the foreign authority directs in response to a letter rogatory or letter of request; or
> **(C)** unless prohibited by the foreign country's law, by:
>> **(i)** delivering a copy of the summons and of the complaint to the individual personally; or
>> **(ii)** using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
> **(3)** by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f). "Generally, there is no hierarchy among the subsections in Rule 4(f). Service under subsection (3) is neither a last resort nor extraordinary relief. It is merely one means among several which enables service of process on an international defendant." Walsh v. Denis, No. 3:16CV00945(AWT)(SALM), 2017 WL 819957, at *2 (D. Conn. Mar. 2, 2017) (citations and quotation marks omitted).

"The decision of whether to order service of process under Rule 4(f)(3) is committed to the sound discretion of the district court." Stream SICAV v. Wang, 989 F. Supp. 2d 264, 278 (S.D.N.Y. 2013) (citations and quotation marks omitted). "Rule 4(f)(3) permits a Court to order that service of a summons be made by other means, so long as the ordered means of service (1) is not prohibited by international agreement; and (2) comports with constitutional notions of due process." Vega v. Hastens Beds, Inc., -- F.R.D. --, No. 1:21CV02732(PGG)(SDA), 2021 WL

3

3854881, at *5 (S.D.N.Y. Aug. 28, 2021) (citation and quotation marks omitted). To comport with constitutional notions of due process, the means by which alternative service is effectuated "must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" Pfizer Inc. v. Domains By Proxy, No. 3:04CV00741(SRU), 2004 WL 1576703, at *1 (D. Conn. July 13, 2004) (quoting Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)).

"In addition, district courts in the Second Circuit have generally required two additional showings before authorizing service under Rule 4(f)(3): (1) a showing that the plaintiff has made a reasonable effort to effectuate service on the defendant, and (2) a showing that the circumstances are such that the court's intervention is necessary." Merrimack Mut. Ins. Co. v. New Widetech Indus. Co., No. 3:20CV00546(MPS), 2020 WL 5879405, at *2 (D. Conn. Oct. 2, 2020) (citations and quotation marks omitted).

### III. Discussion

Plaintiff has made reasonable efforts to effectuate service; plaintiff has attempted to contact, and to serve, defendant through a variety of traditional means, without success. Plaintiff has also demonstrated the need for court intervention. Defendant, as a member of the royal family, is

particularly difficult to contact. The UAE is not a signatory to the Hague Convention. In sum, plaintiff has met its burden of establishing that alternate service is both necessary and appropriate here.

The alternate service proposed by plaintiff consists of delivering the summons, Complaint, and all other necessary documents to: (a) four individuals believed to be agents of, and in contact with, defendant, by electronic means, see Doc. #10-1 at 18-19; (b) the addresses of record for two companies that list defendant as a current or former member of the company's leadership group, by United States mail and DHL courier, see id. at 19-20; and (c) the physical address listed on defendant's letterhead used in correspondence in late 2020, by United States mail, see id. at 20. None of these methods of service would be prohibited by federal law or by any international agreement.

The Court finds that the methods of service proposed by plaintiff, especially when considered collectively, comport with constitutional notions of due process. These methods are reasonably calculated, under the circumstances, to ensure that defendant is made aware of this action and to provide defendant an opportunity to appear and defend himself. Plaintiff has identified a number of individuals and companies with which defendant has been known to be affiliated; those individuals and companies will be provided copies of the relevant documents.

Furthermore, copies will be sent to a physical address <u>provided by defendant himself</u> in correspondence with plaintiff in late 2020.

**IV.  <u>Conclusion</u>**

For the reasons set forth herein, and for substantially the reasons articulated in the motion, Plaintiff's Motion for Leave to Serve Process by Other Means [**Doc. #10**] is **GRANTED**. Plaintiff shall proceed with service by the methods described in the motion, forthwith.

It is so ordered this 3rd day of November, 2021, at New Haven, Connecticut.

  /s/
HON. SARAH A. L. MERRIAM
UNITED STATES DISTRICT JUDGE
